UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ERIN CHRISTON, an individual,<br><br>　　　　　　　　　Plaintiff,<br>　　v.<br><br>OCEAN BEACH SCHOOL DISTRICT,<br><br>　　　　　　　　　Defendant. | CASE NO. 3:19-cv-06214-RJB-JCR<br><br>ORDER RE PLAINTIFF'S MOTION TO DISMISS AND STRIKE DEFENDANT'S COUNTERCLAIM FOR FAILURE TO STATE A CLAIM UNDER FRCP 12(B)(6) |

THIS MATTER comes before the Court on Plaintiff's Motion to Dismiss and Strike Defendant's Counterclaim for Failure to State a Claim Under FRCP 12(B)(6). Dkt. 16. The Court has considered the pleadings filed regarding the motion and the remaining file herein. For the reasons set forth below, the motion should be renoted for consideration on June 12, 2020, and the parties should be granted leave to file additional briefing only as to the applicability of the instant motion to Defendant's forthcoming answer and counterclaim, if any.

## I.　　FACTUAL BACKGROUND

Plaintiff filed her Complaint for Damages in this Court on December 18, 2019, alleging Defendant Ocean Beach School District subjected her to a hostile work environment, based on

ORDER RE PLAINTIFF'S MOTION TO DISMISS AND STRIKE DEFENDANT'S
COUNTERCLAIM FOR FAILURE TO STATE A CLAIM UNDER FRCP 12(B)(6) - 1

her gender, failure to conform to gender stereotypes (due to her sexual orientation), and retaliated against her for engaging in protected activity, including terminating her employment in violation of Title VII of the Civil Rights Act of 1964, as amended. Dkt. 1. On March 12, 2020, Plaintiff filed an Amended Complaint for Damages adding state law claims, including sexual orientation discrimination and retaliation under the Washington Law Against Discrimination. Dkt. 12.

Defendant filed an Answer to Plaintiff's Amended Complaint on March 26, 2020. Dkt. 15. Defendant's Answer includes a counterclaim for malicious prosecution under RCW 4.24.350, at issue here. Dkt. 15, at 8.

Defendant's counterclaim is as follows:

> 62. By way of counterclaim, Defendant alleges as follows:
>
> 63. Plaintiff has initiated this action with knowledge that the same was false, unfounded, malicious, and without probable or reasonable cause in the filing of such action.
>
> 64. In addition, and alternatively, Plaintiff has initiated this action with knowledge that the same was filed as a part of a conspiracy to misuse judicial process by filing an action known to be false and unfounded.
>
> 65. This action is frivolous and was advanced without reasonable cause.
>
> 66. This action has damaged the District and will continue to damage the District causing both compensatory and general damage to the District.
>
> 67. Plaintiff's filing this action was malicious, oppressive, and/or in reckless disregard of the District's rights. The District is entitled to punitive damages on this counter claim.
>
> 68. Plaintiff's actions have violated RCW 4.24.350, and therefore Defendant is entitled to attorneys' fees and costs in accordance with RCW 4.84.185.

Dkt. 15, at 8.

ORDER RE PLAINTIFF'S MOTION TO DISMISS AND STRIKE DEFENDANT'S COUNTERCLAIM FOR FAILURE TO STATE A CLAIM UNDER FRCP 12(B)(6) - 2

On April 16, 2020, Plaintiff filed the instant motion to dismiss and strike the counterclaim. Dkt. 16. Plaintiff's motion argues that "Defendant does not state a single fact in support of this claim. The counterclaim merely recites the elements of a 'malicious prosecution' cause of action and utterly fails to meet the pleading standards stated in *Ashcroft v. Iqbal*, 556, U.S. 662, 677–78 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)." Dkt. 16, at 1. Plaintiff further argues that there is no basis for the counterclaim's request for punitive damages. Dkt. 16, 2 (citing *Bini v. City of Vancouver*, 218 F. Supp. 3d 1196, 1205 (W.D. Wash. 2016) ("punitive damages are not permitted under Washington law unless expressly authorized by statute")).

On May 6, 2020, two days before the instant motion to dismiss was ripe for consideration (May 8, 2020), the Court entered an order granting Plaintiff leave to file a second amended complaint. Dkt. 23. On May 8, 2020, Plaintiff filed a Second Amended Complaint. Dkt. 26.

On May 4, 2020, Defendant filed a response in opposition to the instant motion to dismiss. Dkt. 21. The response provides, in part, that the counterclaim complies with controlling pleading requirements and, "[u]nless the Court orders otherwise, the District intends to file an amended answer to the new amended complaint and in doing so intends to drop the punitive damages claim in the Counterclaim." Dkt. 21, at 2. Defendant indicates that, because the Court granted Plaintiff's Motion to Amend the Complaint, the instant motion is moot. Dkt. 21, at 5.

Plaintiff filed a response in support of the instant motion to dismiss. Dkt. 25. Plaintiff argues, in part, that Defendant "still has not offered a single fact it intends to re-plead to support its claims that Ms. Christon engaged in a 'conspiracy to misuse the judicial process' or that her Complaint for Damages lacked 'probable or reasonable cause.'" Dkt. 25, at 1.

ORDER RE PLAINTIFF'S MOTION TO DISMISS AND STRIKE DEFENDANT'S
COUNTERCLAIM FOR FAILURE TO STATE A CLAIM UNDER FRCP 12(B)(6) - 3

## II.     DISCUSSION

**PLAINTIFF'S MOTION TO DISMISS SHOULD BE RENOTED**

A district court has broad discretion to stay proceedings as an incident to its power to control its own docket. *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005); *Clinton v. Jones*, 520 U.S. 681, 706-07 (1997) (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)).

Renoting Plaintiff's Motion to Dismiss until the pleadings are settled will best preserve the parties' and the Court's resources. Defendant has already indicated that it plans to remove the "mistaken prayer for punitive damages" from its forthcoming answer and counterclaim. Dkt. 21, at 1. The Court should not speculate as to what may or may not be amended, removed, or added to the counterclaim, if any, in Defendant's forthcoming answer to the Second Amended Complaint.

Fed. R. Civ. P. 12(a)(1)(A)(i) provides that a defendant must generally file an answer to a complaint within 21 days of service; the Court thus expects that Defendant will file an answer to the Second Amended Complaint no later than May 29, 2020. Therefore, as detailed in the order below, the instant motion should be renoted for consideration on June 12, 2020, and the parties should be granted leave to file additional briefing only as to the applicability of the instant motion to Defendant's forthcoming answer and counterclaim, if any.

## III.     ORDER

Therefore, it is hereby **ORDERED** that:

- Plaintiff's Motion to Dismiss and Strike Defendant's Counterclaim for Failure to State a Claim Under FRCP 12(B)(6) (Dkt. 16) is **RENOTED** for consideration on **June 12, 2020;**

- Defendant is granted leave to file additional briefing, of 12 pages or less, only as to the applicability of the instant motion to the forthcoming answer and counterclaim, if any, due no later than **June 5, 2020;** and

- Plaintiff is granted leave to file additional briefing, of 12 pages or less, only as to the applicability of the instant motion to the forthcoming answer and counterclaim, if any, due no later than **June 12, 2020.**

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 18th day of May, 2020.

*[signature]*

ROBERT J. BRYAN
United States District Judge

ORDER RE PLAINTIFF'S MOTION TO DISMISS AND STRIKE DEFENDANT'S COUNTERCLAIM FOR FAILURE TO STATE A CLAIM UNDER FRCP 12(B)(6) - 5