UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ERIN CHRISTON, an individual,<br><br>                      Plaintiff,<br>    v.<br><br>OCEAN BEACH SCHOOL DISTRICT,<br><br>                      Defendant. | CASE NO. 3:19-cv-06214-RJB-JRC<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS AND STRIKE DEFENDANT'S COUNTERCLAIM FOR FAILURE TO STATE A CLAIM UNDER FRCP 12(B)(6) |

THIS MATTER comes before the Court on Plaintiff's Motion to Dismiss and Strike Defendant's Counterclaim for Failure to State a Claim Under FRCP 12(B)(6) ("Motion to Dismiss"). Dkt. 16. The Court has considered the pleadings filed regarding the motion and the remaining file herein. For the reasons set forth below, the motion should be granted.

        **I.**       <u>**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**</u>

**1. INITIAL PLEADINGS**

Plaintiff filed her Complaint for Damages with the Court on December 18, 2019, alleging Defendant Ocean Beach School District subjected her to a hostile work environment, based on her gender, failure to conform to gender stereotypes (due to her sexual orientation), and retaliated

ORDER ON PLAINTIFF'S MOTION TO DISMISS AND STRIKE DEFENDANT'S
COUNTERCLAIM FOR FAILURE TO STATE A CLAIM UNDER FRCP 12(B)(6) - 1

1    against her for engaging in protected activity, including terminating[1] her employment in

2    violation of Title VII of the Civil Rights Act of 1964, as amended. Dkt. 1. On March 12, 2020,

3    Plaintiff filed an Amended Complaint for Damages adding state law claims, including sexual

4    orientation discrimination and retaliation under the Washington Law Against Discrimination.

5    Dkt. 12.

6         On March 26, 2020, Defendant filed an Answer to Plaintiff's Amended Complaint, which

7    included a counterclaim for malicious prosecution under RCW 4.24.350. Dkt. 15, at 8.

8         On April 16, 2020, Plaintiff filed the instant motion to dismiss and strike the

9    counterclaim. Dkt. 16. Plaintiff's motion argues that "Defendant does not state a single fact in

10   support of this claim. The counterclaim merely recites the elements of a 'malicious prosecution'

11   cause of action and utterly fails to meet the pleading standards stated in *Ashcroft v. Iqbal*, 556,

12   U.S. 662, 677–78 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)." Dkt.

13   16, at 1. Plaintiff further argues that there is no basis for the counterclaim's request for punitive

14   damages. Dkt. 16, 2 (citing *Bini v. City of Vancouver*, 218 F. Supp. 3d 1196, 1205 (W.D. Wash.

15   2016) ("punitive damages are not permitted under Washington law unless expressly authorized

16   by statute")).

17        On May 6, 2020, two days before the instant motion to dismiss was going to be ripe for

18   consideration (May 8, 2020), the Court entered an order granting Plaintiff leave to file a second

19   amended complaint. Dkt. 23. On May 8, 2020, Plaintiff filed a Second Amended Complaint.

20   Dkt. 26.

---

[1] The parties sharply disagree as the nature of Plaintiff's release from employment with Defendant. Plaintiff argues throughout the record that she was terminated; Defendant argues throughout the record that she was never terminated and was only nonrenewed. *See, e.g.,* Dkts. 16, at 3; and 21, at 2.

ORDER ON PLAINTIFF'S MOTION TO DISMISS AND STRIKE DEFENDANT'S
COUNTERCLAIM FOR FAILURE TO STATE A CLAIM UNDER FRCP 12(B)(6) - 2

On May 4, 2020, Defendant filed a response in opposition to the instant motion to dismiss. Dkt. 21. The response provides, in part, that the counterclaim complies with controlling pleading requirements and, "[u]nless the Court orders otherwise, the District intends to file an amended answer to the new amended complaint and in doing so intends to drop the punitive damages claim in the Counterclaim." Dkt. 21, at 2. Defendant indicates that, because the Court granted Plaintiff's Motion to Amend the Complaint, the instant motion is moot. Dkt. 21, at 5.

Plaintiff filed a response in support of the instant motion to dismiss. Dkt. 25. Plaintiff argues, in part, that Defendant "still has not offered a single fact it intends to re-plead to support its claims that Ms. Christon engaged in a 'conspiracy to misuse the judicial process' or that her Complaint for Damages lacked 'probable or reasonable cause.'" Dkt. 25, at 1.

On May 18, 2020, the Court renoted the instant Motion to Dismiss for June 12, 2020, following Defendant filing an answer to the Second Amended Complaint ("Second Answer"). Dkt. 27. The Court granted the parties leave to file supplemental briefing only as to the applicability of the instant motion to Defendant's Second Answer and counterclaim. Dkt. 27.

**2. SECOND ANSWER AND SUPPLEMENTAL PLEADINGS**

On May 29, 2020, Defendant filed a Second Answer. Dkt 28. The Second Answer contains an amended counterclaim against Plaintiff for malicious prosecution under RCW 4.24.350. Dkt. 28, at 8–9. The amended counterclaim omits the prior request for punitive damages. Dkt. 28, at 8–9. In addition to reciting the elements of a malicious prosecution claim, Defendant makes two primary factual assertions in support of the claim: First, that the Equal Employment Opportunity Commission ("EEOC") entered a no-cause finding against Plaintiff. Defendant claims that it submitted a position statement[2] and 242 pages of exhibits to the EEOC,

---

[2] Plaintiff argues that "Defendant improperly asked this Court to rely on Defense Counsel's own opinion as the factual basis for its malicious prosecution claim[, which it] attached as an exhibit [(Dkt. 22-2)] …. [The] Court

ORDER ON PLAINTIFF'S MOTION TO DISMISS AND STRIKE DEFENDANT'S
COUNTERCLAIM FOR FAILURE TO STATE A CLAIM UNDER FRCP 12(B)(6) - 3

which "Plaintiff did not attempt to reconcile [with] the allegations in the complaint." Dkt. 28, at 9. Second, that, prior to filing her complaint in this case, Plaintiff did not submit a public records request to Defendant, which "would have shown that Plaintiff's allegations are unfounded and mischaracterized and that the District had a legitimate non-retaliatory or non-discriminatory reason for nonrenewing Plaintiff." Dkt. 28, at 9.

On June 5, 2020, Defendant filed a supplemental brief contending that the amended counterclaim meets the pleading standards of Fed. R. Civ. P. 8(a), *Ashcroft v. Iqbal*, 556, U.S. 662, 677–78 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Dkt. 29.

On June 12, 2020, Plaintiff filed a supplemental brief arguing that the amended counterclaim "merely adds the allegations that the EEOC did not find cause in favor of Ms. Christon and that Ms. Christon did not make a Public Records Act request prior to filing her lawsuit. These are not prerequisites to pursuing a legitimate case in federal court" and do not support a malicious prosecution counterclaim. Dkt. 30, at 1.

## II.   DISCUSSION

**1.   STANDARD FOR MOTION TO DISMISS**

Fed. R. Civ. P. 12(b) motions to dismiss may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295 (9th Cir. 1983). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not

---

should strike the position statement as insufficient, immaterial and impertinent." Dkt. 30, at 4 n.2. This order need not, and does not, reach the issue of whether to strike the position statement.

ORDER ON PLAINTIFF'S MOTION TO DISMISS AND STRIKE DEFENDANT'S COUNTERCLAIM FOR FAILURE TO STATE A CLAIM UNDER FRCP 12(B)(6) - 4

need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554–55 (2007) (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 555. The complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Id*. at 547.

### 2. MALICIOUS PROSECUTION COUNTERCLAIM UNDER RCW 4.24.350

RCW 4.24.350 sets forth, in relevant part, the elements of a malicious prosecution claim as follows:

> (1) In any action for damages, whether based on tort or contract or otherwise, a claim or counterclaim for damages may be litigated in the principal action for malicious prosecution on the ground that the action was instituted with knowledge that the same was false, and unfounded, malicious and without probable cause in the filing of such action, or that the same was filed as a part of a conspiracy to misuse judicial process by filing an action known to be false and unfounded.

RCW 4.24.350(1).

Defendant's amended counterclaim lacks necessary factual support. The amended counterclaim contains only two primary points of factual support: (1) that the EEOC did not find cause in favor of Plaintiff and (2) that Plaintiff did not make a public records request prior to filing this lawsuit.

First, the EEOC's finding does not bar Plaintiff's lawsuit nor support Defendant's counterclaim.

> [A]bsence of a Commission finding of reasonable cause cannot bar suit under an appropriate section of Title VII …. The Act does not restrict a complainant's right to sue to those charges as to which the

ORDER ON PLAINTIFF'S MOTION TO DISMISS AND STRIKE DEFENDANT'S COUNTERCLAIM FOR FAILURE TO STATE A CLAIM UNDER FRCP 12(B)(6) - 5

> Commission has made findings of reasonable cause, and we will not engraft on the statute a requirement which may inhibit the review of claims of employment discrimination in the federal courts. The Commission itself does not consider the absence of a reasonable cause determination as providing employer immunity from similar charges in a federal court, 29 CFR § 1601.30, and the courts of appeal have held that, in view of the large volume of complaints before the Commission and the nonadversary character of many of its proceedings, court actions under Title VII are de novo proceedings and … a Commission no reasonable cause finding does not bar a lawsuit in the case.

*McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 798–99 (1973) (internal quotation marks and citations omitted).

      Second, Defendant's public records request allegation is vague and insufficient as factual support. Defendant alleges that its "records would have shown that Plaintiff's allegations are unfounded and mischaracterized," but it does not allege how. Defendant's allegation is more of an *ipse dixit* legal conclusion than a statement of fact. Moreover, Defendant does not allege that Plaintiff was required to submit a public records request. *See* Dkt. 28, at 8–9.

      Plaintiff's other allegations are merely recitations of the elements of a malicious prosecution claim, which are insufficient. *See Twombly*, 550 U.S. at 554–55 ("a formulaic recitation of the elements of a cause of action will not do."); *Iqbal*, 556 U.S. at 678 (a counterclaim must plead "factual content that allows the court to draw the reasonable inference that the [opposing party] is liable for the misconduct alleged."). Defendant states no facts relating to a "conspiracy to misuse the judicial process" and does not allege how Plaintiff "initiated this action with knowledge that the same was false, unfounded, malicious, and without probable or reasonable cause."

      Therefore, Plaintiff's Motion to Dismiss should be granted, and Defendant's malicious prosecution counterclaim should be dismissed and stricken from Defendant's Second Answer.

ORDER ON PLAINTIFF'S MOTION TO DISMISS AND STRIKE DEFENDANT'S COUNTERCLAIM FOR FAILURE TO STATE A CLAIM UNDER FRCP 12(B)(6) - 6

### III. ORDER

Therefore, it is hereby **ORDERED** that:

- Plaintiff's Motion to Dismiss and Strike Defendant's Counterclaim for Failure to State a Claim Under FRCP 12(B)(6) (Dkt. 16) is **GRANTED;** and
- Defendant's malicious prosecution counterclaim is **DISMISSED** and is **STRICKEN** from Defendant's Answer to Second Amended Complaint (Dkt. 28).

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 19th day of June, 2020.

_____
ROBERT J. BRYAN
United States District Judge